UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE INDEPENDENCE PROJECT, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:18-CV-1779-AGF |
| ELM GROVE, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Elm Grove, LLC's motion to dismiss (ECF No. 5) Plaintiffs' claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant asserts that Plaintiffs lack the requisite Article III standing to sustain subject matter jurisdiction in the federal courts. For the reasons set forth below, Defendant's motion will be denied.

## BACKGROUND

This action arose from Plaintiffs The Independence Project, Inc. ("Independence Project") and John Meggs' claim for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* and 28 CFR 36.302 *et seq.* Plaintiffs allege that Defendant, which holds title to the property in question, has failed to comply with provisions of the ADA and its accompanying regulations. Specifically, they allege that Defendant has failed to eliminate architectural

barriers to access at its "Elm Grove Shopping Center" property, and said barriers have denied Mr. Meggs, and those similarly situated, access to full and equal enjoyment of the "goods, services, facilities, privileges," and more located therein. Mr. Meggs is a paraplegic and requires a wheelchair to ambulate at all times.

The Independence Project is incorporated in New Jersey, with its principal place of business in New Providence, New Jersey. Mr. Meggs is a resident of Los Angeles, California. Mr. Meggs is a member of the Independence Project and acts as a "tester" for the organization—travelling around the country and testing properties and businesses for ADA compliance.

According to the complaint Mr. Meggs's business, J-Loop Entertainment, LLC., prompts him to travel to St. Louis several times per year. He visits the area for business purposes, seeking out new musical talent and promoting his own broadcasting and musical work. During these trips, Mr. Meggs prefers to stay in hotels located near the St. Louis airport, bringing him into proximity with the Elm Grove Shopping Center (also located near the airport). Mr. Meggs claims to have visited the Elm Grove Shopping Center on several occasions, the most recent being July 2, 2018, and he alleges that he would like to do so again but for the aforementioned barriers to his access. Mr. Meggs currently has two trips to St. Louis planned for 2019 (in March and May, respectively), for which he has booked hotel reservations and created itineraries.

Defendant filed this motion to dismiss for lack of Article III standing on November 15, 2018. Defendant contends that Mr. Meggs visited the Elm Grove Shopping Center, not in the regular course of his trip to St. Louis, but for the specific

2

purpose of evaluating the Shopping Center's compliance with the ADA, and thus, its fitness as the subject of a potential lawsuit under the Act. Specifically, Defendant argues that the Independence Project and Mr. Meggs are serial ADA plaintiffs who have filed the instant suit in order to receive the attorney's fees available to successful claimants under the Act.

Defendant further argues that, as a serial plaintiff, Mr. Meggs has no genuine intention of repatriating the Elm Grove Shopping Center, or even returning to the St. Louis area, regardless of any action that might be taken by Defendant to remove the supposed barriers to access. Defendant maintains that Mr. Meggs's business, J-Loop Entertainment, was only incorporated in Missouri to create a deeper connection between Mr. Meggs and the St. Louis area with the goal of establishing standing in the instant case. Defendant supports these allegations by attaching the articles of organization for J-Loop Entertainment, which reveal that J-Loop Entertainment was incorporated mere months before the filing of the present action. Defendant also attaches the results of an internet search to show that there is little information about the company available online. In short, Defendant argues that Mr. Meggs's business is merely a façade.

Plaintiffs, for their part, deny Defendant's allegations questioning Mr. Meggs's credibility but do not dispute that they are serial plaintiffs. Indeed, they assert that courts have recognized that most ADA cases are filed by a small number of individuals without whom the ADA would be under-enforced.

Plaintiffs maintain that they have adequately established standing, including a concrete and particularized plan to return to the Elm Grove Shopping Center. Plaintiffs

3

point to the allegations in the complaint, as well as an affidavit submitted by Mr. Meggs in response to Defendant's motion. In the affidavit, Mr. Meggs states that his visits to the Elm Grove Shopping Center have been for the purpose of patronizing the businesses located therein, especially the "Family Dollar" store (a national chain store preferred by Mr. Meggs), as well as the shopping center's restaurants. Mr. Meggs further states that if the barriers to his access were removed, he would frequent the Elm Grove Shopping Center during his scheduled future visits to St. Louis.

## **DISCUSSION**

Federal Rule of Civil Procedure 12(b)(1) requires a district court to dismiss an action if the federal courts lack subject matter jurisdiction over the dispute. *Cook v. ACS State & Local Sols., Inc.*, 756 F. Supp. 2d 1104, 1106 (W.D. Mo. 2010), *aff'd*, 663 F.3d 989 (8th Cir. 2011). Such a motion may assert either a facial attack of the pleadings or a factual attack. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial attack, the court merely [needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction. Accordingly, the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (internal citations omitted). In a factual challenge, however, the court is not so constrained and may "examine matters outside of the pleadings, such as testimony and affidavits." *Id*. at 915 (quoting *Menacha v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

To establish Article III standing, a plaintiff must satisfy three elements. "First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citation and quotation marks omitted). The plaintiff must also demonstrate a "causal connection" between the injury-in-fact and the conduct of the defendant, and the plaintiff must show that the injury is likely to be "redressed" by a favorable result. *Id*. Defendant challenges only the injury-in-fact element.

Title III of the ADA prohibits discrimination in places of public accommodation against persons with disabilities. *See* 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The ADA provides a private right of action for injunctive relief to "any person who is being subjected to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1). To obtain injunctive relief, the plaintiff must show a likelihood of future injury. *See Lujan*, 555 U.S. at 564; *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–5 (1983); *Brown v. Grandmother's, Inc.*, No. 4:09 CV 2088, 2010 WL 611002 at *6 (D. Neb. Fed. 17, 2010).

Thus, to demonstrate standing and to obtain injunctive relief, ADA plaintiffs must demonstrate that they have been personally injured by an inability to access the building in question and must aver that but for the existing architectural barriers they would visit the building "in the imminent future." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir.

5

2000). That said, "plaintiffs need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no intention of remedying." *Id*. (internal citations omitted).

"When determining if a plaintiff has established a likelihood of future injury, district courts in the Eighth Circuit have focused on (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) plaintiff's frequency of travel near defendant." *Independence Project, Inc. v. Dierbergs Four Seasons, Inc.*, No. 4:17CV02767, 2018 WL 1069951, at *2 (E.D. Mo. Feb. 27, 2018) (internal citations omitted).

Defendant argues that Mr. Meggs is not likely to suffer an imminent future injury because he lives 1,800 miles from the Elm Grove Shopping Center, his business (which Mr. Meggs avers brings him to the St. Louis area often) is a mere façade, his plans to return to the St. Louis area are insufficiently concrete, and his past patronage of the Elm Grove Shopping Center has not been frequent enough to show a significant likelihood of return.

Defendant relies heavily on *Steelman v. Rib Crib No. 18*, 2012 WL 4026686 (W.D. Mo. Sept. 12, 2012). *Steelman* involved a consolidation of a series of ADA challenges to multiple commercial establishments, each located either in Springfield, Missouri or Branson, Missouri. *Id*. at *3. The *Steelman* plaintiff complained that removable architectural barriers in each of the defendants' establishments had prevented her from accessing the premises. *Id*. However, the plaintiff failed to specify in her

6

complaint when she had visited defendants' businesses, how often she had done so, or why. *Id*. In fact, the only evidence of any such visit was a single receipt from just one of the twelve businesses sued (the Rib Crib). *Id*. Also important to the court in *Steelman*, the plaintiff had included demonstrably false allegations in her complaint, such as stating that a particular defendant establishment was a hotel with a pool, when in fact it was not a hotel and did not have a pool. *Id*.

By contrast, Plaintiffs in the instant case have presented evidence showing that Mr. Meggs has visited the Elm Grove Shopping Center at least once. Furthermore, Plaintiffs state that Mr. Meggs travels to St. Louis several times a year for business purposes, and that he has two future trips scheduled for March and May of 2019, respectively. Mr. Meggs further states that he prefers staying at hotels near the airport and patronizing businesses, such as the Family Dollar, located in the Elm Grove Shopping Center. Thus, unlike the plaintiff in *Steelman*, Mr. Meggs has stated when he last visited Defendant's property, why he did so, and why he would like to do so again but for the physical barriers to his access. Although Defendant has raised a question as to Mr. Meggs's credibility, it has not established at this stage that Plaintiff's allegations are false.

Finally, as to Defendant's assertion that Plaintiffs are serial ADA plaintiffs who act as testers, that fact presents no bar to their standing. *See Nekouee v. H.V. Real Estate Corp*., No. 4:17 CV 1468 (JMB), 2017 WL 5010380, at *3 (E.D. Mo. Nov. 2, 2017) ("An ADA tester's motive is irrelevant to the issue of standing because the substantive right conferred by statute is to be free from disability discrimination in the enjoyment of the

7

facility.") (citation omitted); *see also Shaver v. Indiana Stave Company*, 350 F.3d 716, 724-25 (8th Cir. 2003) (holding that tester cases have been allowed to proceed under the ADA). Thus, whatever the reason for his initial visit, Mr. Meggs may still suffer an imminent risk of future harm from his inability to access the Elm Grove Shopping Center.

For all of the reasons stated above, the Court finds that Plaintiffs have alleged an injury-in-fact sufficient to establish Article III standing.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **DENIED**. ECF No. 5.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2019.